WILLIAM A. CURRIER *v.* BENJAMIN F. ROWE & TRUSTEE.

Where money has been lent by one partner to another for the purpose of launching the partnership, the sum so lent is recoverable by action at law, if not so blended in the partnership accounts, as necessarily to require a previous accounting, as upon a dissolution of the co-partnership, to know whether the sum be due or not.

THIS case was, by agreement of parties, tried by the court. It is an action of assumpsit to recover one half of a promissory note, made by the plaintiff and defendant, for $175.00, dated May 6th, 1859, and payable to William E. Young, or order, in one year from date, and which at maturity the plaintiff had paid.

It appeared at the trial that the plaintiff and defendant and one Reuben W. Currier, about the time this note was given, purchased a sawmill in Sharon, N. H., at the price of $1800—for $875.00 of which, they gave their joint and several notes, payable to one Perkins, who held a mortgage upon the property for that sum; and as to the remaining $925.00 it was agreed that each of the purchasers should pay one third part of it—and the said R. W. Currier thereupon paid his share,

and the plaintiff and defendant, by an arrangement between them, not including said R. W. Currier, paid part of their shares at the time, and gave their two joint and several notes, dated May 6, 1859, for $175.00 each, payable one in six, and the other in twelve months, to the said Young or order, of which the plaintiff and defendant was to pay each one half.

The first note was so paid, and the plaintiff, having paid the whole of the other, brings this suit for contribution, this being the same note described in the plaintiff's specification.

The defence is that the mill property aforesaid was purchased and held and improved by the three buyers as partners, under the firm of Rowe, Currier & Co., and such appeared to be the fact; and it was contended by defendant, that the concerns of that partnership are still unsettled, and that upon an adjustment of those concerns there will be found to be due to him a considerable sum, a part of which the plaintiff will be bound to pay.

And it appeared that part of the notes given to said Perkins as above stated, were paid out of the earnings of the mill, but that there has been no final adjustment of the concerns of that partnership, and that in fact two of the notes to Perkins, of $200.00 each, still remain unpaid—except $50.00, which was paid upon one of them.

That, Oct. 28, 1859, the said William A. Currier having before that time conveyed all his interest to John W. Currier, to enable him to convey the same, the said William still retaining his interest in equity, and the said Reuben A. Currier, having sold his interest to said John who had taken his place in the firm, the said Rowe and John W. Currier sold and conveyed the property to Franklin T. Snow for $2000.00, for which Snow paid down $400; gave his notes payable to said Rowe and John W. Currier for $1000.00, secured by a mortgage upon the property; and for the balance agreed to pay the three notes of the partners of $200.00 each, given by them to Perkins as aforesaid, and thereupon the said Snow entered into possession of the whole property—and soon after said Rowe and John W. Currier sold out the personal property for about $106.00.

It appeared that the books of the concern were kept by Rowe, who managed the general business of the firm; and that, in November 1859, an attempt was made by the parties to adjust their accounts, and the standing of each partner with the firm was ascertained as was then supposed, and the amount in Rowe's hands by that account was paid over to each partner—but after further examination of the accounts, the defendant contends that a mistake was made in this settlement, and that he paid over to each partner, including the plaintiff, a larger sum than was due, and the court finds for the purposes of this case, that such mistake was in fact made.

And it appeared that, afterwards on June 14, 1860, the partners in writing submitted to arbitration the settlement of their partnership accounts, authorizing the arbitrators to collect the assets, pay the debts, and divide the balance between the partners; but that no award has ever been made. It appeared also that proceedings by suit at law had

been commenced by said Perkins, to foreclose the mortgage of this property made by these partners to him to secure the payment of the notes given to him on the purchase, and that afterwards on the 20th November, 1861, said Perkins transferred his interest in said mortgage and mortgage debt to Webster & Sanborn, and that at the same time the defendant Rowe conveyed all his interest to said Webster & Sanborn.

And that afterwards in November, 1862, the said William A. Currier and John W. Currier, brought a bill in equity against said Webster & Sanborn and the said Rowe, to stay the foreclosure of this mortgage and to determine the amount due on the mortgage, and that said Rowe or Webster and Sanborn might be decreed to contribute their just proportion toward the discharge of said mortgage. That this suit in equity is still pending, the bill being taken *pro confesso* as to Rowe.

It further appeared that in this suit the said William A. Currier has given his deposition, and in stating what payments he had made towards this property, he included the payment of the note in question to the full amount.

The court, being of the opinion that as matter of law these facts were not a defence to this suit, finds that the defendant did promise in manner and form as the plaintiff has declared against him, and that he recover for his damages the sum of $113.80, to which the defendant excepted.

*C. H. Bell*, for the plaintiff.

*W. W. Stickney*, for defendant.

Nesmith, J. Under the finding of the court, and upon the facts reported in the case, the claim which the plaintiff makes upon his partner Rowe does not necessarily connect itself with the affairs of the whole firm. The amount due to the plaintiff stands upon a distinct private agreement made with Rowe, and can be correctly ascertained without a previous examination of the partnership accounts, without a dissolution of the firm, or a final reckoning of their partnership transactions. The action is commenced to recover one half of the amount of a promissory note made by plaintiff and defendant to one William E. Young or order for $175.00, dated May 6, 1859, in one year from date.

At the maturity of said note, plaintiff paid the whole of it to Young and he now asks indemnity of Rowe equal to half the amount thereof with interest. The debt to Young having been of such a character which placed Rowe under an equal obligation to pay his half, the law, of course, implies a promise on his part to pay said proportion to the plaintiff, with interest from the date of the advancement. It does not appear that the other partner had anything to do with the transaction between the parties, or was bound to take knowledge of it.

Judge Story remarks, that "there seems to be no reasonable objection to the maintenance of a suit at law for the breach of an agreement to furnish a certain sum or stock for partnership purposes. The transaction is not so much a partnership transaction as an agreement to

launch the partnership; and an agreement to pay money or furnish stock for such purpose is an individual engagement of each partner to the other." 1 Story Equity, sec. 665, and authorities in note; *Glover* v. *Tuck*, 24 Wend. 153; *Williams* v. *Henshaw*, 11 Pick. 83; Gow on Partnership 95; Collyer on Partnership, chap. 2, secs. 245 and 264.

There must be judgment, according to the finding of the court, for plaintiff.